IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROXANNE MARIE FITZGERALD | * | |
| | * | |
| v. | * | Civil Case No. RDB-14-1617 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions, and Ms. Fitzgerald's reply. [ECF Nos. 14, 16, 18]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Fitzgerald applied for Supplemental Security Income on December 16, 2010, alleging a disability onset date of May 1, 2001. (Tr. 133-41). Her claim was denied initially on April 8, 2011, and on reconsideration on September 22, 2011. (Tr. 91-94, 102-03). An Administrative Law Judge ("ALJ") held a hearing on January 7, 2013, (Tr. 28-63), and subsequently denied benefits to Ms. Fitzgerald in a written opinion dated March 25, 2013. (Tr. 13-25). The Appeals Council declined review, (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Fitzgerald suffered from the severe impairments of degenerative

disc disease, arthritis of the right foot, diabetes mellitus, arthralgias and bipolar disorder. (Tr. 18). Despite these impairments, the ALJ determined that Ms. Fitzgerald retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except that she cannot climb ladders or be exposed to unprotected heights; she is limited to simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes, no public contact and only brief infrequent contact with supervisors and co-workers not requiring any teamwork or collaboration.

(Tr. 20). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Fitzgerald was capable of performing jobs existing in significant numbers in the national economy. (Tr. 24-25). Accordingly, the ALJ determined that Ms. Fitzgerald was not disabled. *Id.*

Ms. Fitzgerald disagrees. She raises four primary arguments in support of her appeal: (1) that the ALJ needed to order a physical consultative examination; (2) that the ALJ assigned inadequate weight to the opinion of her treating psychiatrist, Dr. Ahmed; (3) that the ALJ erred in making an adverse credibility finding; and (4) that the ALJ did not properly formulate the hypothetical presented to the VE. While Ms. Fitzgerald's argument regarding her mental health conditions lacks merit, I agree generally that the ALJ's analysis of Ms. Fitzgerald's physical condition, particularly her alleged fibromyalgia, was not supported by substantial evidence. I therefore recommend that the case be remanded for further consideration.

Beginning with the unpersuasive argument, the ALJ provided substantial evidence to support the assignment of "little weight" to the opinion of Dr. Ahmed. The ALJ described, with great specificity, the reasons for that assignment. Namely, the ALJ included the fact that Dr. Ahmed had not treated Ms. Fitzgerald recently, the fact that the only treatment notes showed that Dr. Ahmed had had one or two visits with Ms. Fitzgerald, the fact that the medical evidence does not show any significant difficulties with social interaction, and the fact that recent examination

reflected no cognitive difficulties or gross behavioral abnormalities. (Tr. 23-24). Moreover, the ALJ included significant mental health-related limitations in the RFC assessment for Ms. Fitzgerald. Accordingly, I find no error in the assignment of weight to Dr. Ahmed's opinion or in the mental RFC assessment.

However, I conclude that remand is warranted based upon the analysis of Ms. Fitzgerald's physical condition.[1] Ms. Fitzgerald's description of her physical condition focuses on her "constant all-over body pain." (Tr. 20). The ALJ made an adverse credibility determination, stating:

> However, physical examinations have been normal, aside from some tenderness. Moreover, at least one source was unable to account for her reported level of pain. She has been diagnosed with fibromyalgia by Dr. Crouch. However, the criteria for fibromyalgia in SSR 12-2p are not met. None of Dr. Crouch's examinations documented at least 11 tender points, nor were there repeated manifestations of six or more fibromyalgia symptoms, signs or co-occurring conditions.

(Tr. 21). The first two sentences suggest hallmarks of fibromyalgia, in that patients typically experience pain and tenderness that cannot be readily explained by other causes. *See* SSR 12-2p, 2012 WL 3104869, at *2-3 (July 25, 2012) (explaining that, to find fibromyalgia a severe medically determinable impairment, in addition to eleven of eighteen tender points, a claimant must have a history of widespread pain for which other causes have been excluded). Dr. Crouch's records demonstrate that he is fully aware of the appropriate criteria for diagnosing fibromyalgia. On September 12, 2011, Dr. Crouch did not diagnose fibromyalgia, and said, "She doesn't have 11 of 18 tender spots but she has a lot of tender areas." (Tr. 333). On that occasion, he diagnosed, "leg, back and elbow pain, etiology uncertain (despite an extensive work

---

[1] Ms. Fitzgerald's argument about "John Shane" possibly not being a qualified medical source is unpersuasive. There is no evidence that he is a non-medical source, and it would be highly unlikely that the Commissioner would select someone who is not a medical professional to complete the medical portion of a disability determination. Moreover, there is an indication on the transmittal that reads "RO Phila Region/MD," which appears to be a reference to John Shane. Clearly, it would be preferable to include the reviewer's exact credentials with his or her name, but assuming that John Shane is not a qualified medical professional would elevate form over substance.

up)." *Id.* However, at an appointment on January 26, 2012, Dr. Crouch did diagnose Ms. Fitzgerald with fibromyalgia. (Tr. 424). At subsequent appointments in 2012, Dr. Crouch noted a significant number of tender areas (generally totaling more than 11) and also referred to Ms. Fitzgerald's fibromyalgia as "severe." (Tr. 496-98).

On the basis of that entire record, the ALJ needed to provide further explanation as to why he rejected Dr. Crouch's "severe fibromyalgia" diagnosis. That explanation could include, if the ALJ deemed it appropriate, either the procurement of a consultative examination or an effort to recontact Dr. Crouch to ascertain the precise medical basis (or lack of basis) for his diagnosis. However, it is unfair to surmise that Dr. Crouch lacked a basis to make the diagnosis, particularly where the medical records indicate a potential for the requisite number of tender points and where Dr. Crouch demonstrated both a knowledge of the requirements to diagnose fibromyalgia and an unwillingness to make the diagnosis when those requirements were not met. Moreover, because the diagnosis of fibromyalgia would be significant to an evaluation of whether Ms. Fitzgerald's complaints of pain were credible, the ALJ should revisit the credibility assessment if a diagnosis of fibromyalgia is properly substantiated. In recommending remand, I express no opinion as to whether Ms. Fitzgerald does or does not have fibromyalgia or whether the ALJ's ultimate conclusion that Ms. Fitzgerald is not entitled to benefits is correct or incorrect.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 12);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 10); and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: January 29, 2015                                              /s/
                                                                     Stephanie A. Gallagher
                                                                     United States Magistrate Judge